Smith, J.
I concur in the opinion that the judgment of the Court of Common Pleas should be reversed, but on the sole ground that the section of the statute under which both the mortgage was given and the lien created, Sec. 3211, passed April 18, 1890 (Vol. 87, p. 222) expressly gives to the liveryman a lien, when the food or care was furnished to the animal under a contract, express or implied “with the owner, or person having possession thereof.” The mortgagor was in this case in the lawful possession of this horse,and the contract with the liveryman was made.by him.
If the statute read as it did in Smith & Benedict’s Statutes, Revision of 1890, which contained the statute of April 14, 1886 (83 O. L, 80), which gives the lien only when the agreement express or implied was made by the owner, I would be of the opinion that the mortgagor, though in possession of the property, could not thus create a valid lien as against the mortgagee, without his knowledge or consent, express or implied, for the reasons so well stated in Jones on Liens, Vol.l , Sec. 691 and 691a. But as'has been said, the statute was amended April 18, 1890, and this new law, with the change stated, was in force when this mortgage was executed and the lien created, and must therefore control.